IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WAYNE AND KIMBERLY ANDERSON<br><br>Plaintiffs,<br><br>v.<br><br>LEHMAN BROTHERS BANK, FSB, AURORA LOAN SERVICES, LLC, JAMES H. WOODALL, TRUSTEE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:11-CV-584 TS<br><br>Judge Ted Stewart |

This matter is before the Court on Plaintiffs Wayne and Kimberly Anderson's ("Plaintiffs") Motion for Remand.[1] Also before the Court is Defendant James H. Woodall's ("Woodall") Motion to Dismiss[2] and Defendants Lehman Brothers Bank, FSB ("Lehman"), Aurora Loan Services ("Aurora"), and Mortgage Electronic Registration Systems' ("MERS") (collectively, the "Lehman Defendants") Motion to Dismiss.[3] For the reasons set forth below, the Court will deny Plaintiffs' Motion for Remand and grant Woodall's Motion to Dismiss and the Lehman Defendants' Motion to Dismiss.

---

[1] Docket No. 12.

[2] Docket No. 4.

[3] Docket No. 7.

I.  STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to plaintiffs as the nonmoving party.[4]  Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[5]  All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6]  But, the court "need not accept . . . conclusory allegations without supporting factual averments."[7]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8]  The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[9]

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[10]

---

[4] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[9] *Twombly*, 550 U.S. at 547.

[10] *The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[11] In *Iqbal*, the Court reiterated that while Fed.R.Civ.P. 8 does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[13] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should

---

[11] 129 S.Ct. 1937 (2009).

[12] *Id*. at 1949.

[13] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[14] *Id*. (quoting *Twombly*, 550 U.S. at 557).


assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[15]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[16] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[17]

## II. BACKGROUND

On July 31, 2006, Plaintiffs executed a Deed of Trust to secure payment of a promissory note with a principal amount of $845,000.00.[18] The loan was secured by a Deed of Trust recorded against real property located in Washington, Utah.[19] The Deed of Trust identifies Plaintiffs as "Borrower," Lehman Brother Bank, FSB as "Lender," Southern Utah Title as "Trustee," and Mortgage Electronic Registration Systems, Inc. as "nominee for Lender and

---

[15] *Id.* at 1949-50 (internal quotation marks and citations omitted).

[16] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[17] *Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

[18] Docket No. 2-1, Ex. C.

[19] *Id.*

Lender's successors and assigns" and as "the beneficiary under this Security Instrument."[20] The Deed of Trust states:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender.[21]

On January 25, 2010, MERS recorded a "Substitution of Trustee" appointing Woodall as the successor trustee under the Deed of Trust. Woodall then recorded a Notice of Default indicating that Plaintiffs were in default on their obligations under the Deed of Trust. On November 4, 2010, MERS recorded a "Corporate Assignment of Deed of Trust" assigning Lehman Brother Bank, FSB's interest in the Deed of Trust to Aurora.

Plaintiffs filed suit against Defendants on June 6, 2011, in the Fifth Judicial District Court in and for Washington County, State of Utah. Plaintiffs' Complaint asserts two causes of action: quiet title and declaratory judgment pursuant to Utah Code Ann. § 57-1-23.5 and the Uniform Commercial Code. On March 22, 2011, Defendants gave notice of removal to this Court. Shortly thereafter, Woodall and Lehman Defendants each filed a Motion to Dismiss.

On July 27, 2011, Plaintiffs filed a Notice of Voluntary Dismissal of their quiet title cause of action and the declaratory cause of action to the extent the claim is based on the "show me the note theory."[22] Plaintiffs also filed a Motion for Remand.[23] As described in the Notice of

---

[20] *Id.* at 10-11.

[21] *Id.* at 12.

[22] Docket No. 11.

[23] Docket No. 12.

Voluntary Dismissal, all defendants with the exception of Woodall (solely in his capacity as trustee of the Deed of Trust) have been dismissed. Plaintiffs' only remaining claim involves Utah Code Ann. § 57-1-23.5.

Woodall filed an objection to Plaintiffs' Notice of Voluntary Dismissal arguing that this Court has supplemental jurisdiction to adjudicate the claims against Woodall. The Lehman Defendants assert that Lehman and Aurora are still part of the action because the Complaint names them as "unauthorized persons" under Utah Code Ann. § 57-1-23.5.

### III. DISCUSSION

A. REMAND

Plaintiffs assert that jurisdiction before this Court is improper because Woodall, as last remaining defendant, is a Utah citizen and moves the Court to remand this case to state court. Defendants assert that jurisdiction is proper before this Court because Woodall is only a nominal party and was fraudulently named as a defendant to avoid diversity jurisdiction.

"Generally, because federal courts are courts of limited jurisdiction, there is a presumption against the existence of federal jurisdiction."[24] Defendants, as the parties invoking the jurisdiction of the Court "ha[ve] the burden of pleading and proving the existence of jurisdiction."[25] Defendants may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction.[26] Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the

---

[24] *Purdy v. Starko*, 2010 WL 3069850, at *2 (D. Utah Aug. 4, 2010) (citing *City of Lawton, Okla. v. Chapman*, 257 F.2d 601 (10th Cir. 1958)).

[25] *Wilshire Oil. Co. of Tex. v. Riffe*, 409 F.2d 1277, 1282 (10th Cir. 1969).

[26] 28 U.S.C. § 1441(a).

6

action is between citizens of different states.[27] "It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1) the plaintiffs and defendants must be completely diverse: No plaintiff can be a citizen of the same state as any defendant."[28]

As Plaintiffs assert, Woodall is a citizen of the State of Utah. Defendants argue, however, that Woodall is a nominal party and was fraudulently joined to prevent removal and, therefore, the case was properly removed.

In *Navarro Savings Association v. Lee*, the United States Supreme Court held that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy."[29] For this reason, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."[30] Courts have found that "a trustee under a deed of trust is merely a formal party, because he is 'little more than an agent, albeit for both parties, and the writing prescribes his duties.'"[31]

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."[32] The doctrine of fraudulent joinder provides that "joinder

---

[27] 28 U.S.C. § 1332.

[28] *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1095-96 (10th Cir. 2003) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).

[29] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citing *McNutt, for Use of Leggett v. Bland*, 43 U.S. 9, 15 (1844)).

[30] *Id.*

[31] *Jeanes-Kemp, LLC v. Johnson Controls, Inc.*, 2010 WL 502698, at *1 (S.D. Miss. Feb. 5, 2010) (quoting *Wansley v. First Nat'l Bank of Vicksburg*, 566 So. 2d 1218, 1223 (Miss. 1990)).

[32] *Purdy*, 2010 WL 3069850, at *2 (quoting *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1297, 1294 (D. Kan. 2009)).

of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal."[33] The Tenth Circuit considered the doctrine of fraudulent joinder in the case of *Montano v. Allstate Indemnity*.[34] The court held that:

> The case law places a heavy burden on the party asserting fraudulent joinder. A representative example states: To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against the joined party in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.[35]

Thus, to prove fraudulent joinder, Defendants must demonstrate that Plaintiffs are unable to prove a valid cause of action against Woodall. The question of whether Plaintiffs could establish a claim against Woodall in state court is resolved by reference to Utah law.

Plaintiffs allege only one cause of action against Woodall. Plaintiffs assert that Woodall "is not qualified as trustee because he can perform none of the duties detailed in § 57-1-21(1)(a)(i), U.C.A."[36] It appears that Plaintiffs argue that Woodall's substitution by MERS as trustee was an unlawful substitution under the Deed of Trust and Utah foreclosure law and, thus, Woodall had no authority to record the notice of default.

This Court has considered this same claim previously in *Burnett v. Mortgage Electronic Registration Systems*.[37] The plaintiff in that case also brought a declaratory judgment claim

---

[33] *Roe v. Gen. Life Ins. Co. & Phillips Petroleum Co.*, 712 F.2d 450, 452 (10th Cir. 1983) (citing *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

[34] 211 F.3d 1278 (10th Cir. 2000) (unpublished).

[35] *Id*. at *1 (quoting *Hart v. Bayer Corp*., 199 F.3d 239, 246 (5th Cir. 2000)).

[36] Docket No. 2-1, at 4.

based on Utah law and "premised on the assumption that MERS was without authority to initiate foreclosure proceedings and to appoint Woodall successor trustee."[38] In *Burnett*, the Court held that "the language in the Deed of Trust clearly grants MERS the authority to exercise the full ambit of authority possessed by the Lender" and dismissed plaintiff's request for declaratory judgment. Here, Plaintiffs' Deed of Trust contains the same language as the deed of trust in *Burnett*.[39] Thus, the Court finds, based on this precedent, that MERS had authority to appoint Woodall as a successor trustee under the Deed of Trust.

Because Woodall was properly appointed as a successor trustee, Plaintiffs cannot maintain a cause of action against Woodall and the Court finds that he was fraudulently joined as a defendant. Moreover, in accordance with other courts that have considered this same issue, the Court finds that Woodall, as a trustee joined as a party merely because he occupies the position pursuant to a deed of trust, is a nominal party.[40] Therefore, complete diversity existing, the Court will deny Plaintiffs' Motion to Remand.

B.     WOODALL'S MOTION TO DISMISS

Woodall moves this Court, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Plaintiffs' claim for failure to state a claim upon which relief can be granted. As previously discussed, Plaintiffs' sole allegation against Woodall is that he is not qualified as a trustee.

---

[37] 2009 WL 3582294, at *5 (D. Utah Oct. 27, 2009).

[38] *Id.*

[39] *See id.* at 1; *see also* Docket No. 2-1, Ex. C, at 12.

[40] *See Morgan v. Chase Home Fin., LLC*, 306 Fed. App'x 49, 52-53 (5th Cir. 2008); *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 609-11 (N.D. Tex. 2009); *AOM Grp., LLC v. Wells Fargo Bank, NA*, 2010 WL 3342010, at *2 (D. Ariz. Aug. 25, 2010); *Wygal v. Litton Loan Servicing, LP*, 2009 WL 2524701, at *5 (S.D. W.Va. Aug. 18, 2009).

Plaintiffs rely on a recently enacted statute, Utah Code Ann. § 57-1-23.5, as the basis for their claims against Woodall.  This statute was enacted in 2011.  Woodall argues that the statute cannot be retroactively applied to the circumstances in this case because they occurred prior to the enaction of the statute.  Further, Woodall argues that he is qualified to act as trustee.

According to Utah law, statutes do not apply retrospectively unless the statutory language explicitly provides for retroactive application.[41]  Here, there is no provision within the statute that provides for retroactive application.  Therefore, this section cannot be retroactively applied to Woodall.

Additionally, Plaintiffs argue that a determination of the promissory note holder is necessary under Utah Code Ann. § 57-1-23.5 because an "unauthorized person" is a person not able to deliver written communications to the lender pursuant to § 57-1-21.  Plaintiffs allegation is purely conclusory.  Further, Plaintiff's reliance on ReconTrust's alleged lack of qualification as a trustee is unavailing because this Court has already found that Woodall is a valid trustee.  Therefore, the Court grants Woodall's Motion to Dismiss.

C.      LEHMAN DEFENDANTS' MOTION TO DISMISS

Lehman Defendants move this Court to dismiss Plaintiffs' cause of action for failure to state a cause of action against Defendants.  Plaintiffs recognize that the "split-the-note" theory is not a cognizable claim in this Court or Utah state court due to the recent Utah Court of Appeals

---

[41] *See* Utah Code Ann. § 68-3-3; *Evans & Sutherland Computer Corp. v. Utah State Tax Comm'm*, 953 P.2d 435, 437 (Utah 1997) (finding that a legislative enactment which alters the substantive law cannot be read to operate retrospectively unless the legislature has clearly expressed that intention.)

decision.[42]  Therefore, Plaintiffs voluntarily dismissed their quiet title and declaratory judgment action based on the "show-me-the note" theory.

Even after Plaintiffs' voluntary dismissal, Lehman Defendants argue that they are still a part of this action because Plaintiffs purport to name them as "unauthorized persons" under Utah Code Ann. § 57-1-23.5.  Plaintiffs have not specifically responded to Lehman Defendants assertions that they are still parties to the action.  Further, Plaintiffs fail to provide any facts as to why Lehman Defendants are "unauthorized persons" under the statute.  Defendants Aurora and Lehman are not, and have not, acted as a trustee with a power of sale for the Plaintiffs' property.

As discussed above, the statute cannot be retroactively applied to the circumstances in this case because they occurred prior to the enactment of the statute.  Moreover, the Court is highly skeptical the statute would apply to these Defendants.  Therefore, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

D.    LIS PENDENS

Plaintiffs filed a lis pendens in connection with this action.  A court should order a release of lis pendens if it "finds that [plaintiff] has not established by a preponderance of the evidence the probable validity of the real property claim that is the subject of the notice."[43]  The Court has concluded that Plaintiffs' claim in this case fails.  Accordingly, Plaintiffs have no basis for a lis pendens, and any such lis pendens filed in connection with this action shall be released.

---

[42] *Commonwealth Prop. Advocates, LLC, v. MERS, et al*, 2011 UT App 232, 2011 WL 2714429 (Utah Ct. App. 2011).

[43] Utah Code Ann. § 78B–6–1304(2)(b).

IV. CONCLUSION

It is therefore ORDERED that Plaintiffs' Motion to Remand (Docket No. 12) is DENIED.  It is further ORDERED that Woodall's Motion to Dismiss (Docket No. 4) and the Lehman Defendants' Motion to Dismiss (Docket No. 7) are GRANTED.  Plaintiffs are ordered to release the lis pendens filed in connection with this case.  The clerk of Court is directed to close this case forthwith.

DATED   November 16, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge