IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WAYNE AND KIMBERLY ANDERSON, <br><br> Plaintiffs, <br><br><br> vs. <br><br><br> LEHMAN BROTHERS BANK, FSB, AURORA LOAN SERVICES, LLC, JAMES H. WOODALL, TRUSTEE, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' RULE 59 MOTION <br><br><br><br> Case No. 2:11-CV-584 TS |

This matter is before the Court on Plaintiffs Wayne and Kimberly Anderson's Rule 59 Motion.[1] For the reasons discussed more fully below, the Court will deny Plaintiffs' Motion.

The factual background giving rise to the instant dispute was previously set out in this Court's Memorandum Decision and Order on Pending Motions[2] ("Memorandum Decision") and will not be re-stated in this Order. Through this Motion, Plaintiffs assert that the Court failed to properly interpret their Complaint and relied on said improper interpretation in granting

---

[1] Docket No. 21.

[2] *See* Docket No. 20.

1

Defendant James H. Woodall's motion to dismiss. Plaintiffs move the Court to revise its Memorandum Decision to dismiss Plaintiffs' claim against Defendant Woodall without prejudice.

The Tenth Circuit has stated that the following grounds warrant a motion to reconsider under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[4]

Here, Plaintiff once more asserts that § 57-1-23.5 is applicable to this case. Plaintiffs' arguments are without merit. In it Memorandum Decision, this Court dismissed Plaintiffs' claims against Defendant Woodall: (1) because Defendant Woodall was properly appointed as a successor trustee; (2) because § 57-1-23.5 cannot be applied retroactively to Defendant Woodall; (3) because Plaintiffs' allegation—that a determination of the promissory note holder is necessary under § 57-1-23.5 because an unauthorized person is a person not able to deliver written communications to the lender pursuant to § 57-1-21—is purely conclusory; and (4)

---

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[4] *Id*.

because Plaintiffs' reliance on Recontrust's alleged lack of qualification as a trustee is unavailing where this Court found Defendant Woodall to be a valid trustee.[5]

The Court previously considered and rejected the same arguments Plaintiffs raise in this Motion. For this reason, Plaintiffs have failed to provide a proper grounds for reconsideration pursuant to Rule 59 and the Court will deny Plaintiffs' Motion.

It is therefore

ORDERED that Plaintiffs' Rule 59 Motion (Docket No. 21) is DENIED. The Clerk of Court is directed to close this case forthwith.

DATED   July 3, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[5] *See* Docket No. 20, at 8, 10.